14033

JOHNSON v. WESTERN UNION TELEGRAPH CO.

(179 S. E., 325)

*Messrs. Nelson, Mullins & Grier,* and *D. E. Ellerbe,* for appellant,

*Messrs. Baker & Baker,* for respondent,

April 1, 1935.

*Per curiam.*

This is an action for damages based on certain alleged slanderous words spoken of and concerning the plaintiff by agents of the defendant company. The complaint alleged that while Johnson was in the employ of the defendant as its manager in its office at Lake City, he was robbed of a sum of money belonging to the company; and that the agents of the defendant who investigated the matter stated to the wife of the plaintiff that "this would end up in Johnson and his best friend going to jail." It was also alleged that the company thereafter discharged the plaintiff, and called upon the bonding company in which he was bonded to pay the amount of the alleged shortage. The trial of the case resulted in a verdict for $3,000.00, actual and punitive damages.

The only question presented by the appeal is whether the presiding Judge committed error in admitting in evidence, over objection of the defendant, the following letter of American Surety Company to Johnson, written some time after the alleged robbery:

"As you are aware, this Company at your written request executed surety bond on your behalf to the Western Union Telegraph Company covering you in your position as Manager at Lake City, South Carolina.

"We are now very much surprised to be advised by the Western Union Telegraph Company that there is an alleged discrepancy in your account in the amount of $153.26, which is subject to a salary credit of $22.21, reducing the amount of the claim to $131.05.

"The purpose of this letter is to impress upon you the importance of immediately getting in touch with the proper officials of the Western Union Telegraph Company and

making a satisfactory adjustment of this matter so that no further demand will be made upon this company as your surety. I shall expect to hear from you by return mail advising me fully what you intend to do in regard to the matter."

The appellant contends that the admission of this letter was prejudicial error, for the reason that it was a declaration by a third party and was, therefore, hearsay and not binding on the defendant. There can be no serious dispute that the letter, an unsworn statement of an alleged inspector of American Surety Company, which was not a party to the action, was purely hearsay and clearly incompetent under the hearsay rule. The only question, therefore, is whether its admission was prejudicial to the defendant as contended.

In admitting the letter, the trial Judge observed that it contained a statement which the bonding company could have gotten only from the Western Union, and that he would allow it to come in as tending to show that a claim was made by the defendant with the surety company in connection with the shortage. However, it is clear that the letter, as introduced in evidence, was not competent proof of the filing of a claim by the defendant or of any statement contained in it. As we have said, American Surety Company was not a party to the action, and no representative of it was put on the stand to prove the statements contained in the letter. The principal effect of this incompetent evidence was to corroborate plaintiff's claim that the alleged slanderous remarks were made to his wife by the company's agents, as alleged in the complaint, and was prejudicial for that reason.

It is urged by the respondent, however, that if there was error it was cured by the charge of the trial Judge, who, at the instance of the appellant, instructed the jury as follows: "I charge you that the placing of claim against the plaintiff with the Bonding Company, if it was so placed by defendant, does not show any crime charged against the

plaintiff, and gives no right of action to the plaintiff, and you can not award any damages to plaintiff on that account."

We do not agree with this contention. As pointed out, the issue under the pleadings was whether the alleged slanderous communications were made to the wife of the plaintiff; and it seems clear, as we have indicated, that the effect of attempting to prove, by introduction of the letter, the reporting of the discrepancy to the bonding company, was not so much to make proof of any claim filed with that company, but to give force and color to the charge of slanderous utterances with reference to the plaintiff, alleged to have been made to his wife by the agents of the defendnat. This incompetent testimony, therefore, being of some probative value on a material question of fact, was prejudicial, and the error in its admission was not cured by the charge as made.

The judgment of the Civil Court of Florence County is reversed, and the case is remanded to that Court for a new trial.

MR. CHIEF JUSTICE STABLER, MESSRS. JUSTICES CARTER and BONHAM and MESSRS. ACTING ASSOCIATE JUSTICES WM. H. GRIMBALL and G. B. GREENE, Circuit Judges, concur.